IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY EARL MATTHEWS,

                    Petitioner,

  v.                                                              OPINION & ORDER

LOUIS WILLIAMS II,                                     18-cv-86-jdp
Warden,

                    Respondent.

---

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which federal prisoner Jimmy Earl Matthews challenges his conviction under 18 U.S.C. § 924(c), which prohibits the use of a firearm during a "crime of violence." The crime of violence in Matthews's case was 18 U.S.C. § 1951(a), commonly referred to as "Hobbs Act robbery." Matthews contends that Hobbs Act robbery no longer qualifies as a crime of violence after *United States v. Mathis*, 136 S. Ct. 2243 (2016).

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, a district court will dismiss the petition only if it plainly appears that the petitioner is not entitled to relief. I will dismiss the petition because binding precedent forecloses Matthews's claim.

It is an unsettled question whether a § 2241 petition is governed by the law of the circuit where the prisoner is incarcerated (in this case, the Seventh Circuit) or where the prisoner was sentenced (in this case, the Eighth Circuit). *Roberts v. Watson*, No. 16-cv-541, 2017 WL 6375812, at *2 (W.D. Wis. Dec. 12, 2017). But I need not resolve the question in this case because the court of appeals in both circuits has held since *Mathis* that Hobbs Act

robbery *does* qualify as a crime of violence under § 924(c). *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017) ("Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)."); *Diaz v. United States*, 863 F.3d 781, 783–84 (8th Cir. 2017)("Diaz argues that Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A). We reject that contention."). Thus, regardless which circuit's law is controlling, Matthews's claim fails.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But "federal prisoners proceeding under § 2241 need not obtain a certificate of appealability," *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n.3 (7th Cir. 2015), so I do not need to decide whether Matthews is entitled to a certificate.

ORDER

IT IS ORDERED that Jimmy Earl Matthews's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

Entered July 26, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge